CALABRESI, Circuit Judge,
concurring:
I too “concur in the result and in all aspects of Judge Walker’s opinion except the portion indicating that whether a lawsuit alleging a post-petition breach of a pre-petition contract is a core proceeding depends on the impact the contract has on core bankruptcy functions.” Judge Newman’s Concurrence at 1. But my reasons for not joining fully in that part of Judge Walker’s opinion are different from Judge Newman’s.
Judge Walker’s opinion suggests that Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.), 4 F.3d 1095 (2d Cir.1993), settled the question of whether, in this circuit, every post-petition breach of a pre-petition contract is necessarily a core bankruptcy proceeding. In his view, Orion, by holding that a post-petition breach of a pre-petition contract was non-core, made clear that the issue of whether such a proceeding is or is not core must be determined on a case-by-case basis and depends on the impact that the contract has on core bankruptcy functions. Judge Newman, after arguing forcefully that, despite Orion, the law of this circuit is unsettled, gives strong reasons why he believes that a bright-line rule, holding all post-petition breaches of pre-petition contracts to be core, is both constitutional under Northern Pipeline Construction Co. v. Marathon Pipe Line Co., 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598(1982), and preferable to Judge Walker’s case-by-case approach.
Were I to reach the question, I would be inclined to favor a case-by-case approach. But since we do not need to resolve the issue to decide the case before us, I would defer the matter to another day and to a case that raises the question squarely. Like Judges Walker and Newman, I have no doubt that this particular post-petition breach of a pre-petition contract is core. That is all I need to decide the instant case.
Accordingly, I express no view on whether, as Judge Walker suggests, the issue is settled by Orion, or, as Judge Newman contends, that it is not. Moreover — while leaning towards Judge Walker’s position — I also take no stand on whether, if the issue is open, the better approach is a) to have a bright line rule that all post-petition breaches of pre-petition contracts are core, b) to require a situation-by-situation analysis, or c) to take a middle ground between these options and, for example, impose a strong, but rebuttable, presumption that all post-petition breaches of pre-petition contracts are core.
I therefore concur in the result, and, with the qualifications stated above, I concur in Judge Walker’s opinion.